## FRANCIS BACON *versus* YORK COUNTY COMMISSIONERS.

The returns of the votes by the selectmen and town clerk, made and returned in manner provided by law, are the only evidence from which it is to be determined what person, if any, has been chosen register of deeds, under Rev. Stat. c. 11. The County Commissioners, therefore, have no power to go beyond the returns of the selectmen and town clerks, and receive other evidence, and from that decide, that one of the town meetings was illegally called, and for that cause reject the votes of such town.

At an adjournment of the November Term of the Supreme Judicial Court for the county of Cumberland, 1846.

*G. F. Shepley*, for Francis Bacon, presented a petition for a *mandamus* to the county commissioners of the county of York, and moved for an order of notice thereon, returnable at the next April Term of this Court in the county of York.

A copy of the petition and order of the Court thereupon follows : —

"To the Honorable Justices of the Supreme Judicial Court now holden at Portland within and for the county of Cumberland."

"Francis Bacon of Buxton, in the county of York, Esquire, respectfully represents, that on the sixteenth day of November last past, the qualified electors of the county of York (which said county constituted a registry district) gave in their votes at the several town and plantation meetings, holden on that day in pursuance of the warrants of the county commissioners, for the choice and election of a register of deeds for said county and registry district; that prior to the twenty-ninth day of December last past, the clerks of the respective towns and plantations in said county, caused to be delivered into the office of the clerk of the county commissioners, fair copies of the lists of votes aforesaid, attested by the selectmen and clerks of said towns, and by the assessors and clerks of said plantations, and duly sealed up in open town or plantation meeting, to be by the said commissioners opened and compared with the like returns from the several towns and plantations in said county ; on the said twenty-ninth day of December last

past, the county commissioners aforesaid of said county of York, which county commissioners were, and now are, Moses Swett, John Bailey and Timothy Shaw, Jr., assembled at Alfred, in said county, to open and compare the said returns of the lists of votes, given in as aforesaid in the several towns and plantations in said county ; and that they did proceed to open and compare said returns as aforesaid.

" And your petitioner further represents that by the returns of the lists of votes aforesaid, duly signed, attested, sealed up and returned as aforesaid, it then and there appeared, that your petitioner had received a majority of the votes, so given in by the electors aforesaid, for a person to fill the office of register of deeds for said county, and was then and there entitled to be declared register of deeds for said county, and then and there personally appeared before the said commissioners, and requested and demanded of the said commissioners to be declared register of deeds for said county, and then and there offered and was ready to file the bond and take the oath required by law of the register of deeds.

" Yet the said commissioners, unmindful of their duty in this behalf, and of the requirements of the statute in such case provided, and disregarding the rights of your petitioner, wholly refused and neglected to declare your petitioner register of deeds as aforesaid, and still refuse and neglect so to do, and did decide and declare that no person had a majority of the votes so returned as aforesaid, and that there was no election of any person to said office.

" By reason of which acts, doings and omission, your petitioner is greatly aggrieved ; and is wrongfully deprived and kept out of said office and the emoluments thereof.

" Wherefore he prays this honorable Court that a rule of this Court may issue to the said county commissioners of the county of York, commanding them to appear before this honorable Court and shew cause, if any they have, why the said county commissioners refused and neglected to declare your petitioner register of deeds as aforesaid, and why a *writ of*

*mandamus* should not issue from this Court, commanding the said commissioners to declare him register as aforesaid.

"Francis Bacon."

"Cumberland, ss. Portland, January 1, A, D. 1847.— "Personally appeared Francis Bacon, above named, and made oath that the foregoing petition was true, according to his best knowledge and belief. Before me,

"G. F. Shepley, Justice Peace."

"Cumberland, ss. Supreme Judicial Court. November Term, 1846. Upon the foregoing petition, it appearing to the Court by a certified copy of the lists of votes, and by the affidavit of the petitioner, that by the returns of the lists of votes, duly signed, attested, sealed up, and returned into the office of the clerk of the county commissioners, that the said petitioner had received a majority of all the votes given in at the election aforesaid, for a person to fill the office of register of deeds for said county of York; and it further appearing that the said county commissioners, thereupon refused and neglected to declare the petitioner register of deeds as aforesaid:—

"The Court thereupon order that a rule of this Court should issue to the said county commissioners of the county of York, commanding them to appear at a term of this Court, next to be holden at Alfred, within and for the county of York, on the Tuesday next but two preceding the last Tuesday of April, then and there to show cause, if any they have, why the said county commissioners refused and neglected to declare the petitioner register of deeds as aforesaid, and why a *writ of mandamus* should not issue from this Court, commanding the said county commissioners to declare the said petitioner register as aforesaid, and that the said commissioners be notified thereof by serving upon them an attested copy of the said petition, and of this rule of Court, thirty days before the term of this Court next to be holden at Alfred as aforesaid.

[L. S.]       "Given under the Seal of said Court.

"*Attest*, Charles C. Harmon, *Clerk, pro tem.*"

At the April Term, 1847, of this Court in the county of York, the county commissioners, by their counsel, *Preble* and *Leland*, appeared to show cause ; and offered in evidence a copy of the record of the proceedings of the county commissioners, of which the following is a copy : —

## " STATE OF MAINE.

" YORK, ss. — At a meeting of the county commissioners of the said county of York, held at Alfred, within and for said county, on Tuesday, the twenty-ninth day of December, A. D. 1846, being an adjournment from their regular session held at said Alfred on the second Tuesday of October, A. D. 1846.

" By Moses Swett, Chairman, ⎫ Esquires,
" John Bailey, ⎬ County
" Timothy Shaw, Jr., ⎭ Commissioners.

" On the first day of the session, the copies of the lists of votes given in the several towns in the county of York, on the third Monday of November, being the sixteenth day of said month, 1846, for register of deeds, and duly returned to the office of the clerk of the county commissioners, were opened and compared by the county commissioners, who make their report in the premises as follows, to wit : —

" YORK, ss. — At a session of the county commissioners of the said county of York, held at Alfred, within and for said county, on the twenty-ninth day of December, A. D. 1846, being an adjournment from the regular session held at said Alfred, on the second Tuesday of October, A. D. 1846.

" The copies of the lists of votes for Register of Deeds for said county of York, given in on the sixteenth day of November, A. D. 1846, were duly returned to the clerk's office ; and we, the said county commissioners, proceeded to open and compare the returns from the several towns in said county, and found the same to be as follows, to wit : —

" For Francis Bacon,         1881
" Edward Chase,            1357
" Benjamin J. Herrick,     332
" Joseph Dennett.          125."

Here follows a list of the names of seventeen persons voted for, the highest on the list having seven votes and several having one vote each, amounting to forty votes for the whole seventeen.

"But at the time of comparing the copies of said lists of votes, it being proved by legal evidence before said commissioners, that the copy of the lists of votes from the town of Biddeford (which votes were as follows, viz: — for Francis Bacon, 192; Benjamin J. Herrick, 32; Edward Chase, 3, and Joseph Dennett, 1; and which return certified that the votes cast in said town of Biddeford for Register of Deeds, on said sixteenth day of November, 1846, were cast "at a legal meeting of the inhabitants of the town of Biddeford, held on the said sixteenth day of November,) was fraudulent and untrue, in this, that said meeting was not a legal meeting of said inhabitants, inasmuch as said inhabitants were not warned and notified as required by law, seven days previous to said meeting, to vote for Register of Deeds, but was first warned and notified on the eleventh day of November, 1846, and not before, to meet for the purposes aforesaid on said sixteenth day of November, being five days only previous to said meeting on said sixteenth day of November, instead of seven days as required by law; and that the selectmen and town clerk of said town of Biddeford, were in possession of the facts aforesaid, at the time of making their said return and well knew the same were true. And sufficient and legitimate evidence having been produced to us to sustain the facts and fraud aforesaid, we have decided and do hereby adjudge that for the reasons aforesaid, the copy of the lists of votes from the town of Biddeford, given on said sixteenth day of November, 1846, ought to be and the same are hereby rejected in the count of the copies of the lists of votes given for Register of Deeds for said county, on the said sixteenth day of November, 1846. And we hereby further decide and adjudge, that from a comparison of the copies of the returns of votes from the several towns in said county, it appears to us that no person has a majority of the whole number of votes for said office of Register of Deeds, and we do hereby ad-

judge and declare that no person has been elected to the office of Register of Deeds for said county of York.

" And we therefore order that warrants be issued to the selectmen of the several towns in said county to call meetings of the qualified voters in their respective towns, said meetings to be duly and legally warned and notified according to law, to meet on the second Monday of March next, to give in their votes for Register of Deeds for the said county of York, and that fair copies of the recorded lists of votes, attested by the selectmen and town clerk, so given, to be delivered into the office of the clerk of the county commissioners on or before Thursday the twenty-second day of April next, to be by the county commissioners examined and compared with the like returns from the several towns in said county.

" Moses Swett,        County
" John Bailey,        Commissioners.
" Timothy Shaw, Jr.

" Which report is ordered to be recorded."

" Recorded according to the original.

" Attest.    William Trafton, Clerk."

They also called the town clerk of the town of Biddeford, who produced the town records, from which it appeared, that the warrant for calling the meeting on the 16th of November, 1846, was dated on the eleventh day of the same month, and was first posted up on that day.

The counsel for the petitioner objected to the introduction of any evidence, except the returns of votes from the several towns. The Court said, that it might be received *de bene esse ;* and that whether it could be legally received might be determined afterwards.

It appeared, that by accident seven towns had not received warrants from the county commissioners for calling meetings, among which was Biddeford ; that the selectmen of Biddeford called a meeting, giving but five days notice ; and that the other six towns did not call any meetings for the sixteenth of November.

The counsel for the petitioner then offered in evidence a

copy of the return from Biddeford; a copy of which and of the direction thereon follows: —

"STATE OF MAINE.

"To the Justices of the Court of County Commissioners, to be held at Alfred, within and for the county of York, on the fifth Tuesday of December, A. D. 1846.

"At a legal meeting of the inhabitants of the town of Biddeford qualified by the constitution to vote for Representatives, held on the third Monday of November, being the sixteenth day of said month, A. D. 1846, the said inhabitants gave in their votes for a Register of Deeds, for said county, and the same were received, sorted, counted and declared in open town meeting by the Selectmen who presided, and in presence of the Town Clerk, who formed a list of the whole number of ballots given in, and of the persons voted for, and made a record thereof, as follows, viz: —

"The whole number of ballots given in was two hundred and twenty-eight. The persons voted for severally received the number of votes following, viz: —

"For Francis Bacon, one hundred and ninety-two,   192
"Benjaman J. Herrick, thirty-two,   32
"Edward Chase, three,   3
"James Dennett, one,   1
  228

"Samuel F. Chase,  
"Moses Bradbury,  } Selectmen of Biddeford.  
"Joseph Smith, Jr,

"*Attest,* William Smith, *Town Clerk.*"

"To the clerk for the county commissioners of the county of York, Alfred, Maine.

"This contains a list of votes given by the inhabitants of the town of Biddeford, in the county of York, for Register of Deeds, for said county, on the third Monday of November, 1846. Sealed up in open town meeting, by

"Samuel F. Chase,  
"Moses Bradbury,  } Selectmen of Biddeford.  
"James Smith, Jr.

"*Attest,* William Smith, *Town Clerk.*"

*Preble* argued for the county commissioners — and

*Howard* and *Appleton,* for the petitioner.

The counsel for the petitioner cited the opinion of the Court, given at the request of the Governor in the case of the clerk of the court in the county of Lincoln (25 Maine R. 567) as decisive of the present question. They also cited Rev. Stat. c. 11, § 3, 6, 13, 14 ; *Strong,* Pet. 20 Pick 484 ; 5 Pick. 328 ; 9 Mass. R. 388 ; 21 Pick. 258 ; 10 Pick. 244 ; 4 Pick. 68 ; 22 Pick. 263 ; 4 Cowen, 323 ; Stat. 1842, c. 3, § 2.

At the same term the opinion of the Court was stated orally by

SHEPLEY J. — In delivering the opinion it was said, that this is a question of importance, and the Court would have taken time for consideration, had it not been decided in principle in the case of the clerk of the courts in the county of Lincoln. (25 Maine R. 567.)

After stating the facts of the present case, it was remarked, that the Court were unable to perceive any substantial difference between the power, delegated to the county commissioners, to declare what person, if any, had been chosen register of deeds, by the eleventh chapter of the Revised Statutes, and the power given to the Governor and Council, by the third chapter of the statutes of 1842, to determine who had been chosen clerk of the courts.

The law provides, that the returns of the votes shall be made, signed and sealed in open town meeting, and the legislature have thought it expedient to provide, that these returns shall be the only evidence from which to determine what person, if any, is chosen register of deeds, or clerk of the courts.

In the present case, the return of the votes of the town of Biddeford appears to be regular ; and if those votes are to be counted, the commissioners admit, that the petitioner received a majority of the votes for register of deeds. The commissioners had no power to go beyond the return of the selectmen and town clerk, and receive other evidence, and determine

therefrom, that the town meeting was not legally called; and for that cause reject the votes of that town.

*The mandamus prayed for must issue.*